UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| | : | |
| v. | : | Crim. No. 20-578 (JMV) |
| | : | |
| JEFFREY ANDREWS, | : | |
| CHAD BEENE, | : | |
| ADAM BROSIUS, and | : | |
| ROBERT SCHNEIDERMAN | : | |

**DEFENDANT'S OPPOSED MOTION FOR HEARING ON ADMISSIBILITY OF CO-CONSPIRATOR AND UNINDICTED CO-CONSPIRATOR TESTIMONY**

TO THE HONORABLE JUDGE OF SAID COURT:

Chad Beene moves the Court to order a *James* hearing to determine the admissibility of co-conspirator and unindicted co-conspirator testimony. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979). With each and every alleged co-conspirator statement offered during this trial, the *James* questions will have to be raised and answered: (1) were the statements made by individuals who, along with Chad Beene, were members of the alleged conspiracy; (2) were they made during the course of the alleged conspiracy; and (3) were they made in furtherance of the alleged conspiracy? *Id.*; Fed. R. Evid. 801(d)(2)(E). In other words, are these predicate "conspiracy" facts related to the allegations in the Indictment?

**I.**

In *James*, the Fifth Circuit recognized the problems posed by a multi-conspirator case, where at times hearsay from one co-conspirator can prejudice another co-conspirator. It first acknowledged and then fashioned a procedure (the *James* hearing) to deal with the reality that it is virtually impossible to avoid prejudice arising from the constant repetition of inadmissible statements simply by continually instructing the jury that they may be asked to disregard a co-conspirator's hearsay statements at the end of the trial.

The admissibility of a co-conspirator's declarations in a conspiracy trial, however, poses problems precisely because they are relevant.  Such evidence endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror—despite instructions to disregard the statements or to consider them conditionally. *James*, 590 F.2d at 579.

Federal Rule of Evidence 104 provides in pertinent part that "[p]reliminary questions concerning the admissibility of evidence shall be determined by the Court and that any hearings on such preliminary matters shall be "conducted out of the hearing of the jury." Fed. R. Evid. 104(a), (c). The decision in *James* does not necessarily mandate a pre-trial hearing outside the presence of the jury. Where prejudice is not likely to result, a trial court could hold a hearing during a break in trial or at sidebar or consider the issue at the end of the Government's case in chief. Nevertheless, *James* does instruct district courts to find the predicate facts before admitting out-of-court co-conspirator declarations unless there is some particular reason that it would be inconvenient.

Both because of the "danger" to Mr. Beene if the statement is not connected and because of the inevitable serious waste of time, energy, and efficiency when a mistrial is required in order to obviate such danger, Mr. Beene contends that the present procedure warrants the statement of a preferred order of proof in such a case. The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of Mr. Beene with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up. *James*, 590 F.2d at 582.

In a case similar to the one at bar, the Tenth Circuit observes that the preferred and perhaps most efficient procedure to ensure compliance with the requirements of Rule

801(d)(2)(E) is to conduct a "James hearing" outside the presence of the jury. *United State v. Otuonye*, 995 F.3d 1191, 1204 (10th Cir. 2021). In making the preliminary factual determination required by Rule 801(d)(2)(E), the Court  may examine the hearsay statements sought to be admitted. However, there must also be "some independent evidence linking the defendant to the conspiracy – that is, evidence other than the proffered co-conspirator statements themselves – but that evidence need not be substantial." *Id*., at 1204 (citing *Bourjaily v. United States*, 483 U.S. 171, 181 (1987)).

In the Third Circuit "*James* hearings are accepted but 'carefully considered and sparingly used' because control of the order of proof at trial' is withing the trial judge's discretion." *United States v. Escalante-Melgar*, 2020 WL 968091, Slip opinion, p. (D. N.J. 2020) (unpublished) (citing *United States v. Cont'l Grp., Inc.*, 603 F.2d 444, 456-57 (3d Cir. 1979)).

Here there would be little inconvenience from such a hearing. In fact, it will be much easier to flesh out the true factual basis for Chad Beene's alleged knowledge and agreement in one fell swoop outside of the hearing of the jury and before the trial, than to allow witness after witness to provide testimony to the jury that is inadmissible against him, burdened time and again by questioning on predicate facts and the recitation of curative and cautionary instructions to a diligent but increasingly befuddled jury.  This is the very reason the Fifth Circuit devised the *James* Hearing procedure.

Trial judges may elect one or the other of these proceedings according to their own perception of the dangers of proceeding without them, being cognizant of the teaching of *James* that the improper admission of hearsay to the prejudice of the defendant can rarely be eliminated by curative or cautionary instructions.  *See United States v. Ricks*, 639 F.2d 1305

(5th Cir. 1981) (describing trial courts' practice and examining the reasons for *James* Hearings). In *Bruton v. U.S.,* 391 U.S. 123, 88 S. Ct. 1620,  20  L.Ed.2d 476 (1968),  the Supreme Court  held that the defendant is deprived of his rights under the Confrontation Clause of the Sixth Amendment when his co-defendant's incriminating statement is introduced at their joint trial. This occurs even if the jury is instructed to consider those statements only against the co- defendant. Finally, in *Cruz v. New York,* 481 U.S. 186, 107 S. Ct. 1714, 95 L.Ed.2d 162 (1987), the Court held that "where a non-testifying codefendant's confession incriminating the defendant is not directly admissible against the defendant . . . the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant." *Id.*  107 S. Ct. at 1719. *See United States v. Giampa*, 904 F. Supp. 235, 286 (D. NJ 1005).

To promote efficiency in the proceeding and to ensure no undue prejudice arises from the testimony of co-conspirators, this Court should schedule a *James* Hearing. The Government will then be required to show whether there is a preponderance of evidence that Chad Beene was a knowing and willing participant in any conspiracy—let alone whether its evidence against him consists of statements made during and in furtherance of that alleged conspiracy.

## II.

For the foregoing reasons, Chad Beene prays the Court conduct a separate hearing outside the presence of the jury to determine the admissibility of any co-conspirator statements.

Dated: December 15, 2021

Respectfully submitted,

GREGOR | WYNNE | ARNEY, PLLC

By: _/s/ Michael J. Wynne*_
    Michael J. Wynne

    Attorney at Law
    Texas State Bar No. 00785289
    909 Fannin Street, Suite 3800
    Houston, TX 77010
    Telephone: (281) 450-7403
    mwynne@gcfirm.com

    *Admitted pro hac vice*

**COUNSEL FOR CHAD BEENE**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served upon counsel of record on this 15th day of December 2021.

By: _/s/ Michael J. Wynne*_
    Michael J. Wynne

**CERTIFICATE OF CONFERENCE**

I certify that I have communicated with lead counsel for the United States and that the United States is opposed to this motion.

By: _/s/ Michael J. Wynne*_
    Michael J. Wynne