UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| | : | |
| v. | : | Crim. No. 20-578 (JMV) |
| | : | |
| JEFFREY ANDREWS, | : | |
| CHAD BEENE, | : | |
| ADAM BROSIUS, and | : | |
| ROBERT SCHNEIDERMAN | : | |

**BEENE'S OPPOSED MOTION FOR *KASTIGAR* HEARING**

CHAD BEENE, by and through his undersigned counsel, Michael Wynne, moves this Honorable Court to conduct a pre-trial hearing to determine whether the government intends to offer evidence derived from Mr. Beene's post-Indictment interview in violation of the provisions of the proffer letter dated April 2, 2020 . In support of said Motion, Mr. Beene shows the court the following:

**I.**

On April 2, 2020, Chad Beene submitted to an interview conducted by representatives of the United States Attorney's Office for the District New Jersey, the FBI, HHS, and the Department of Defense. This interview was conducted under the provisions of a proffer agreement that provides that "no statements made by [Mr. Beene] will be used against [Mr. Beene] in the government's case-in-chief at trial or for purposes of sentencing …" A proffer agreement, such as the one signed by Mr. Beene on April 2, 2020, is a contract and its terms must be read to give effect to the parties' intent. *United States v. Hardwick*, 544 F.3d 565, 570 (3d Cir. 2008), *see also United States v. Farmer*, 543 F.3d 365, 374 (7th Cir. 2008).

In *Farmer*, the Seventh Circuit notes that proffer agreements "that are a part of ongoing criminal proceedings are 'unique contracts and the ordinary contract principles are supplemented

with a concern that the bargaining process not violate the defendant's rights to fundamental fairness under the Due Process Clause.'" 543 F.3d at 374. Thus courts hold the government "to 'the literal terms' of the agreement, as well as 'the most meticulous standards of both promise and performance' to insure the integrity of the bargaining process involved in the proffers." *Id*.

"When presented with a *Kastigar* challenge, a court's task is to determine whether any of the evidence used against the defendant was in any way derived from his compelled immunized testimony." *United States v. Hill*, 643 F.3d 807, 877 (11th Cir. 2011). The government bears the burden of proving that all of the evidence it obtained and used against the defendant, including the testimony of other witnesses, was untainted at every step of the investigation by immunized testimony. *Id*, see also *United States v. Jimenez*, 256 F.3d 330, 348 (5th Cir. 2001).

## II.

Mr. Beene believes that the allegations of the Indictment charging him with conspiracy to commit healthcare fraud (Count 1), conspiracy to violate the Anti-Kickback Statute (Count 8), health care fraud (Counts 2-7), and payments of bribes and kickbacks (Counts 9-15) are derived directly and indirectly from evidence gleaned from his April 2, 2020, interview with government investigators. Mr. Beene asserts that the government will offer evidence against him at trial in violation of the proffer letter he signed on April 2, 2020. The Manner and Means allegations under the conspiracy charges of the Indictment (DE-1, pp. 9-14 and pp. 18-23) appear to have been gleaned almost wholly from the April 2, 2020 debriefing.

Because the evidence underlying the charges appear to be derived from his debriefing in violation of the terms of the proffer letter, Mr. Beene requests that this Court conduct a *Kastigar* hearing to ensure that his right to due process is not violated by the admission of evidence secured under the provisions of the proffer letter.

Dated: December 15, 2021

                                       Respectfully submitted,

                                       GREGOR | WYNNE | ARNEY, PLLC

                                       By:  */s/ Michael J. Wynne\**
                                              Michael J. Wynne

                                              Attorney at Law
                                              Texas State Bar No. 00785289
                                              909 Fannin Street, Suite 3800
                                              Houston, TX 77010
                                              Telephone: (281) 450-7403
                                              mwynne@gcfirm.com

                                         *\* Admitted pro hac vice*

                                        **COUNSEL FOR CHAD BEENE**

## CERTIFICATE OF SERVICE

       I certify that a true and correct copy of this document was served upon counsel of record on this 15th day of December 2021.

                                       By:  */s/ Michael J. Wynne\**
                                             Michael J. Wynne

## CERTIFICATE OF CONFERENCE

       I certify that I have communicated with lead counsel for the United States and that the United States is opposed to this motion.

                                       By:  */s/ Michael J. Wynne\**
                                            Michael J. Wynne