UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| | : | |
| v. | : | Crim. No. 20-578 (JMV) |
| | : | |
| JEFFREY ANDREWS, | : | |
| CHAD BEENE, | : | |
| ADAM BROSIUS, and | : | |
| ROBERT SCHNEIDERMAN | : | |

## DEFENDANT CHAD BEENE'S OPPOSED MOTION FOR EARLY PRODUCTION OF *JENCKS* ACT MATERIALS

CHAD BEENE, by and through his undersigned counsel, Michael Wynne, moves this Honorable Court pursuant to 18 U.S.C §3500, FEDERAL RULES OF CRIMINAL PROCEDURE 26.2, and the Fifth and Sixth Amendments to the United States Constitution, to order the Government to produce *Jencks* Act materials at least 14 days prior to trial. In support, Mr. Beene shows as follows:

While the *Jencks* Act does not mandate disclosure of witness statements before the witness testifies, accommodations frequently must be made in advance of trial due to the number of witnesses and the delay that will ensue when discovery is exchanged mid-trial. *United States v. Holmes,* 722 F.2d 37 (4th Cir. 1983).

In *United States v. Giampa,* the court recognized that district courts in this circuit are not required to order disclosure of *Jencks* Act material earlier than the statute provides. *United States v. Giampa,* 904 F. Supp. 235, 282 (D. NJ 1995). But to facilitate the defense's preparation for cross-examination, the government routinely agrees to produce *Jencks* Act material either before trial or prior to direct examination. Id.; *see United States v. McKenzie,* 786 F.2d 602 (5th Cir. 1985) (Noting this court has recognized early *Jencks* disclosure as a salutary practice that should be encouraged to avoid the interruptions and delay at trial that are

inevitable if the defense does not receive the material until the conclusion of the direct testimony.) *See also Giampa*, at 282.  Mr. Beene would go further and state the early Jencks is essential for effective cross-examination in a complex case like this one.

*Jencks* Act material should be provided to the defense so as to furnish counsel with sufficient time to examine and utilize this material in a meaningful manner before and during trial. *Holmes,* 722 F.2d at 40. What that means in terms of timing depends on the specific facts and circumstances of the case. *Id.* It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2.  Indeed, Rule 26.2, unlike its predecessor the *Jencks* Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. *See* Fed. R. Crim. P. 26.2 and 18 U.S.C §3500(a).

As the Fourth Circuit noted, it is not uncommon, particularly "in cases where there are many statements or where the bulk of witness statements is large," for the government to agree or for the court to order early disclosure of *Jencks* material.  *Holmes*, 722 F.2d at 40.  If *Jencks* material is provided to the Defendant as late as at trial, Defendant will be without the opportunity for appropriate investigation and preparation for cross-examination. *Id.* In order to avoid the delay in the progress of a trial, counsel should be afforded substantially earlier disclosure of *Jencks* Act material so as to permit them to complete their preparation.  *Id*.

In *United States v. Hinton,* the District of Columbia Circuit recognized the potential impact of late *Jencks* disclosure upon the defendant's Sixth Amendment rights. *United States v. Hinton,* 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous *Jencks* material" in the form of FBI 302's. *Id.* at 781.

The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." *Id.* at 782.

Here, in order to provide effective assistance to Mr. Beene, the defense will require the *Jencks* material well before the jury is sworn. *See Holmes,* 722 F.2d at 41 (Noting that providing materials one day before trial began did not "afford a reasonable opportunity to examine and digest" the documents.). Given that this trial is expected to take several weeks, the recesses which will be required by defense counsel will substantially delay what promises to be an already protracted proceeding. In addition to the obvious adverse impact on the court's calendar, such delays will unfairly prejudice Mr. Beene's Fifth and Sixth Amendment rights because the defendant and defendant's counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial. Finally, counsel knows of no prejudice that the Government will suffer by such an Order.

WHEREFORE PREMISES CONSIDERED, counsel respectfully requests this Honorable Court to order the Government to produce *Jencks* material at least 14 days prior to trial.

Dated: December 15, 2021

Respectfully submitted,

GREGOR | WYNNE | ARNEY, PLLC

By: */s/ Michael J. Wynne*\*
    Michael J. Wynne

Attorney at Law
Texas State Bar No. 00785289
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
mwynne@gcfirm.com

\* *Admitted pro hac vice*

**COUNSEL FOR CHAD BEENE**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served upon counsel of record on this 15th day of December, 2021.

By: */s/ Michael J. Wynne*\*
    Michael J. Wynne

**CERTIFICATE OF CONFERENCE**

I certify that I have communicated with lead counsel for the United States and that the United States is opposed to this motion.

By: */s/ Michael J. Wynne*\*
    Michael J. Wynne